UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL HOWARD HUNTER,<br><br>            Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br>and EASTERN STATE HOSPITAL,<br><br>            Respondents. | NO.  CV-07-324-LRS<br><br>ORDER DENYING MOTIONS AND<br>DISMISSING PETITION WITHOUT<br>PREJUDICE TO PURSUING STATE COURT<br>REMEDIES |

    By Order filed November 5, 2007, the court directed Mr. Hunter to show cause why his habeas petition should not be dismissed as it appeared he was not entitled to the relief he sought in this court. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner is a patient at the Eastern State Hospital, proceeding *pro se* and *in forma pauperis*.

    BEFORE THE COURT are Petitioner's Response to Order to Show Cause and Motion to Amend (Ct. Rec. 6), an Amended Petition for Writ of Habeas Corpus (Ct. Rec. 8), and Motion to Issue Ancillary Writ of Mandamus (Ct. Rec. 10), which he noted for hearing without oral argument on December 14, 2007.  The Motions were heard on the date signed below.

ORDER DENYING MOTIONS AND DISMISSING PETITION WITHOUT PREJUDICE TO PURSUING STATE COURT REMEDIES -- 1

In response to the Order to Show Cause, Petitioner asserts he has exhausted his claims in the Washington State Courts. He attaches a copy of the Washington State Supreme Court Commisioner's Ruling Denying Review in cause number 80497-4. The Commissioner addressed Petitioner's challenge to his confinement at the Spokane County Jail, noting Petitioner had failed to provide facts or argument showing his commitment at the Eastern State Hospital was unlawful. Petitioner is challenging his current commitment in the present federal habeas petition. Therefore, contrary to Petitioner's assertions, he has not fully exhausted in the State courts a claim that his current commitment at the Eastern State Hospital is unlawful.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerkel*, 526 U.S. 838, 842-43 (1999). A state prisoner has not done so if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner may still challenge his current commitment at the Eastern State Hospital in the Washington State Courts. Therefore, this court shall decline to review the petition further.

Accordingly, **IT IS ORDERED** Petitioner's Motion to Amend (Ct. Rec. 6) is **DENIED** and this action is **DISMISSED without prejudice** to Petitioner pursuing his claims regarding his competency and commitment in the appropriate State Court proceedings. **IT IS FURTHER ORDERED** Petitioner's Motion to Issue Ancillary Writ of Mandamus is **DENIED as moot.**

///

ORDER DENYING MOTIONS AND DISMISSING PETITION WITHOUT PREJUDICE TO PURSUING STATE COURT REMEDIES -- 2

1  **IT IS SO ORDERED.**  The District Court Executive is directed to
2  enter this Order, enter judgment, forward copies to Petitioner and
3  close the file.
4  **DATED** this____26th____day of December, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS AND DISMISSING PETITION WITHOUT PREJUDICE TO PURSUING STATE COURT REMEDIES -- 3